EXHIBIT "B-2"

Filed
9/1/2016 1:58:48 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Ashley Alaniz



CAUSE NO. **16-DCV-235121**

| | |
|---|---|
| SARAH KELLY, <br> **Plaintiff,** <br><br> V. <br><br> THE HOME DEPOT, USA, Inc., <br> **Defendant,** | § DISTRICT COURT OF <br> § Fort Bend County - 434th Judicial District Court <br> § ___ JUDICIAL DISTRICT <br> § <br> § FORT BEND COUNTY, TEXAS <br> § <br> § |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

### DISCOVERY

1. Plaintiff intends to conduct discovery pursuant to Level 2 of Tex. R. Civ. P. 190.

### A. INTRODUCTION

2. NOW COMES SARAH KELLY, Plaintiff, complaining of negligence on the part of THE HOME DEPOT Defendant, seeking money damages from Defendants for personal injuries arising from a slip and fall incident, which occurred on or about Sept 3, 2014. Plaintiff alleges that Defendant and its agents were negligent in the manner in which they operated and managed their premises and conducted their activities. For cause of action, Plaintiff would show the following:

### PARTIES

3.1 Plaintiff, SARAH KELLY, resides at 3419 River Forest Drive, Richmond, Texas 77406.

3.2   Defendant, THE HOME DEPOT USA, Inc. designated registered agent in the State of Texas is Corporation Services Company, DBA CSC-Lawers Incorporating Services Company, 211 East 7th Street, Suite # 620, Austin, Texas 78701-3218.

4.   Notice is hereby given that the correct legal name of THE HOME DEPOT and/or Home Depot, may be substituted in pursuant to Tex. R. Civ. P. 28 and <u>Sixth RMA Partners v. Sibley</u>, 111 S.W.3d 46, 43 (Tex. 2003); <u>Chilkewitz vs. Hyson</u>, 22 S.W.3d 825, 829 (Tex. 1999) and other interpretive case law. The failure of the correct legal entity (who owed legal duties as alleged herein to Plaintiff on or about September 3, 2014) to properly answer this petition and correctly identify itself by full and correct legal name may result in the taking of a default judgment against such entity without further notice.

### B.   SUBJECT MATTER JURISDICTION

5.   The amount in controversy in this civil action is within the jurisdictional limits of this Court. The Court is authorized to consider this action pursuant to the terms of the Texas Constitution and Texas Statutes.

### C.   PERSONAL JURISDICTION

6.   The court has personal jurisdiction over Plaintiff by virtue of her residency and filing this Petition with the Clerk of the Court. The court has personal jurisdiction over Defendant pursuant to proper service with a copy of this Petition and the fact that Defendant do business in the State of Texas on a regular basis.

### D.   VENUE

7.   Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 (a)(1) (Vernon 1995) because Harris County is the county in which all or a

substantial part of the events or omission giving rise to the claim occurred; to wit: the incident occurred in Harris County.

### E. FACTUAL BACKGROUND

8. On or about September 3, 2014 during normal business hours, Dr. Sarah Kelly came upon the business premises owned, possessed, controlled and maintained by Defendant located in Sugar Land, Texas. Said premise was commonly referred to as The Home Dept. (hereinafter "Home Depot"). While on Defendant Home Depot's premises, Dr. Kelly began to walk around Home Depot premises and use the walking surface for its intended purposes. While so walking on the Home Depot premises, Dr. Kelly slipped and fell hitting her, body, including her head, knee and toe on the concrete floor. Suffering a Traumatic Brain Injury ( "concussion"), ankle injury, bulging disc, Left knee derangement, TMJ, Chronic Sprain of the MCL, Oncyholoysis of her Right Large toe, and disc hernation to name a few of her injuries, concrete floor in the garden area as a result of an unreasonably dangerous condition believed to be a puddle of liquid (likely water)(hereinafter referred to as "the Incident"). Surgical intervention was necessary.

9. Home Depot was the company contracted to perform maintenance and cleaning services for Home Depots, and which Home Depot's alleges was cleaning the area that caused the dangerous condition to be present. As a direct and proximate result of the Incident, the Plaintiff, Dr. Sarah Kelley suffered physical injuries resulting in pain and suffering.

10. As a result of her injuries on the Defendant's premises, Dr. Kelly has incurred medical expenses that were both reasonable and necessary as a result of this incident. Further, pursuant to reasonable medical predictions, Dr. Kelley will continue to require

medical treatment thus incurring reasonable and necessary medical expenses as a result of his injuries for the foreseeable future.

11. As such, Plaintiff demands recovery for all damages prayed for herein including but not limited to past and future reasonable general damages allowed by law and special damages incurred or reasonably likely to be incurred in the future.

### VI. CAUSES OF ACTION

### COUNT ONE- PREMISES LIABILITY

12. The above paragraphs are referenced and incorporated as set forth herein verbatim.

13. While walking on the Defendant's premises, Dr. Kelly held an express or implied invitation from the Defendants as a member of the public as the Defendant's premises were held open to the public for a purpose connected with the business of Defendants that may have resulted in the mutual economic benefit of both parties.

14. Accordingly, SARAH KELLY was Defendant's invitee at the time of the Accident and had permission to be on said premises.

15. As an invitee, the Defendant owed a duty to Dr. Kelly of exercising ordinary care in its ownership, possession, control, maintenance and use of the subject Home Depot premises to reduce or eliminate the unreasonable risk of harm to patrons and invitees.

16. Defendant knew about or in the exercise of ordinary care should have known about the existence of the condition at issue that was the proximate and actual cause of the injuries to Dr. Kelly.

17. Defendants, acting through its agents, servants and employees failed to use that degree of care which an owner or occupier of ordinary prudence would have used under the same or similar circumstances pertaining specifically to the following:

a. Defendants failed to clean the floor surface of Home Depot's premises in a timely and prudent manner.

b.   Defendants failed to construct the floor surface of Home Depot's premises with non-slip materials to take into consideration the spilling of foreign materials on the floor surface.

c.   Defendants failed to maintain and inspect Home Depot's premises to prevent foreign materials from remaining on the floor surface.

d.   Defendants failed to adequately warn Plaintiff Dr. Sarah Kelly of the dangerous condition on the subject Home Depot premises.

e.   Defendants failed to train its employees to properly and expeditiously manage Home Depot premises to help prevent and clean up dangerous conditions which developed on the floor surface.

18.   Defendant failed to discover and remove water on the floor causing the slip and fall, The above acts, errors and omissions of the Defendant, its agents, servants and employees constitute negligence. At all relevant times, Defendant's agents, servants and employees were acting in the course and scope of their employment with Defendant. Such negligence proximately caused the above and foregoing damages to Dr. Kelly for which he now brings this action.

### COUNT TWO-NEGLIGENT ACTIVITY

19.   The above paragraphs are referenced and incorporated as set forth herein verbatim.

20.   In addition to the above premises liability theory of negligence, the incident was also likely as a result of one of Defendants' employees/contractor negligently engaging in a contemporaneous activity that contributed to the proximate cause of the incident in question.

21.   It is conceivable under the law of Texas that the premises liability can coexist with a negligent activity at the same time or consecutively. Therefore, both theories of liability are pled herein as occasionally, the facts are such that it is proper to choose one or the other. Further, the actions of an employee while performing their job responsibilities in

5

the regular course of business is sufficient to implicate liability on the part of the employer. Further, depending upon the facts of the case, both theories can properly be submitted to the same jury, with liability and subsequent judgment based on both. Therefore, both are pled simultaneously herein.

## XI. DAMAGES AND PRAYER FOR RELIEF

22. The above paragraphs are referenced and incorporated as set forth herein verbatim.

23. As a proximate and producing result of the foregoing unlawful actions of the Defendant, Plaintiff, Dr. Kelly prays that Defendant be cited to appear and answer herein and further that after a lawful trial the court award both special and general money damages to his and against Defendant specifically in regard to:

A. Reasonable and necessary costs of medical care and treatment including but not limited to doctors, hospital, nurses, medicine, and other services and supplies which this Plaintiff has incurred in the past as a result of the injuries alleged herein and in all reasonable probability this Plaintiff will incur in the future: $700,000 or such other amount that the jury deems fair and just not to exceed said amount.

B. Physical pain and mental anguish suffered in the past and in all reasonable probability will be suffered in the future: $375,000 or such other amount that the jury deems fair and just not to exceed said amount.

C. Physical impairment and/or disfigurement suffered in the past and in all reasonable probability will be suffered in the future: $375,000 or such other amount that the jury deems fair and just not to exceed said amount.

D. Loss of wages and earning capacity suffered in the past and in all reasonable probability this Plaintiff will suffer in the future or such other amount that the jury deems fair and just not to exceed said amount.

E. Court Costs.

F. Pre and post judgment interest as allowed by law.

G. Such other and further relief to which this Plaintiff may be justly entitled to receive at law or in equity both special and general.

24. Texas Courts implement the "reasonable medical probability" rule for future medical expenses. The award of future medical expenses is within the discretion of the jury provided there is a reasonable probability that the expenses will be incurred. *Harvey v. Culpepper*, 801 S.W.2d 596, 599 (Tex. App.—Corpus Christi 1990, no writ). "The jury may make its award based on the nature of the injuries, the medical care rendered prior to trial," and the condition of the injured party at the time of trial. *Id.*

25. Plaintiff Dr. Kelly is entitled to recover for mental anguish as a distinct element of damages, separate and apart from her physical pain. *See. Weidner v. Sanchez*, 14 S.W.3d 353, 367 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Mental anguish may be implied from the physical injuries sustained in the incident and may arise from a sense of discomfort or inconvenience. *Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d 759, 780 (Tex. App.—Corpus Christi 1999, pet. denied).

26. Plaintiff Dr. Kelly is further entitled to recover for the physical pain she suffered as a result of the negligence of your insured. *Dollison v. Hayes*, 79 S.W.3d 246, 249 (Tex. App.—Texarkana 2002, no pet.).

## VII. REQUEST FOR DISCOVERY

27. COMES NOW SARAH KELLY, Plaintiff in the above-entitled and numbered cause, and pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and (l). Such disclosure must comply with Tex. R. Civ. P. 194 and be presented in writing at the mailing address of The Law Office of Debra Jennings 6140 Hwy 6, # 269 Missouri City, TX 77459.

28. Notice is hereby given of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven pursuant to Tex. R. Civ. P. 193.7.

Respectfully Submitted,

Law Office of Debra Jennings

/s/ *Debra V. Jennings*

By _____
Debra V. Jennings
State Bar Number 10631850
6140 HWY 6, # 269
Missouri City, Tx. 77459
Office (832) 230-4455
Fax (1832) 442-3700
Attorney for Plaintiff
lawyerdvj@gmail.com

8